UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN, | ) FILED: NOVEMBER 19, 2008 |
| | ) 08 CV 6640 |
| Plaintiff, | ) JUDGE DOW |
| | ) MAGISTRATE JUDGE COLE |
| v. | ) |
| | ) PH |
| VALENTINE & KEBARTAS, INC., | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff, Nicholas Martin ("Plaintiff"), brings this action to secure redress against an unlawful collection practice engaged in by Defendant Valentine & Kebartas, Inc. ("VKI") that violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 – 1692o by failing to identify itself, failed to state that it was a debt collector, and using the name of U.S. Cellular Legal Department.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct with is abusive, and any false, deceptive or misleading statements in connection with the debt and it requires debt collectors to provide consumers with certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

4. Venue and personal jurisdiction over Defendant in this District is proper because:

    a. Plaintiff resides in the District;

    b. Defendant's conduct business in the District through the use of the US Mail and telephone lines;

    **c.** Defendant's collection activities towards Plaintiff occurred within the District.

## PARTIES

5. Plaintiff is an individual who resides in the Northern District of Illinois.

6. VKI is organized under the law of the Commonwealth of Massachusetts with its principal office located at 15 Union Street, Lawrence, MA 01840. VKI does business in Illinois and its registered agent and his address is Patrick B. Gough, 2701 Hastings Road, Chatham, IL, 62629. VKI's President's name and her address for service of process is Cheryl Valentine, 9239 19th Dr. NW, Bradenton, FL, 34209. VKI's Vice-President and Registered Agent in Massachusetts is Robert M. Kebartas, 15 Union Street, Lawrence, MA 01840.

7. VKI attempts to collect debts from consumers that are in default at the time of VKI's attempted collection.

8. VKI is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as to the acts complained of herein.

## FACTS

9. According to VKI website:

> VKI uses a network of attorneys through the CLLA (Commercial Law League Association) & ACA (Americans Collector Association). We have attorneys in each of the 50 states to assist our clients with their litigation needs.

       http://www.vnkinc.com/Attorney.htm

10. VKI placed a phone call to Plaintiff on or about November 18, 2008.

11. The phone call was placed to Plaintiff's telephone which last four digits are 3271.

12. The caller of the on or about November 18, 2008, left a voice message stating in part:

    a. That the call was for Nicholas Martin;

    b. That the caller's telephone number was 208-955-7232; and

    c. That his case number was 8145339.

14. 208-955-7232 is a phone number used by VKI's Western Regional Office located at 524 Cleveland Blvd., Suit 201, Caldwell, Idaho, 83605.

15. Plaintiff returned the phone call to 208-955-7232.

16. During Plaintiff's phone call he was informed that the entity that he was speaking with was U.S. Cellular Legal Department.

17. VKI's phone call to Plaintiff was an attempt to collect on a purported debt incurred for personal, family, or household purposes.

## COUNT I
## FDCPA § 1692d(6) and § 1692e(11) VIOLATIONS

18. Plaintiff incorporates paragraphs 1-17 above.

19. 15 U.S.C. §1692d(6) provides:

> (6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

20. 15 U.S.C. §1692e(11) provides:

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

21. VKI's voice message was a "communication" within the meaning of 15 U.S.C. §§ 1692d(6) and 1692e(11). *Ramirez v. Apex Fin. Mgt., LLC*, 567 F. Supp. 2d 1035 (N.D. Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs.,* 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); *Stinson v.Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

22. VKI's on or about November 18, 2008 voice message to Plaintiff did not make a meaningful disclosure of the caller's identity.

23. It is impossible to determine the identity of entity that left the on or about November 18, 2008 voice message solely by the content of the voice message.

24. VKI's on or about November 18, 2008 voice message failed to disclose that the communication was from a debt collector.

25. VKI violated 15 U.S.C. §1692d(6). *Ramirez v. Apex Fin. Mgt., LLC*, 567 F. Supp. 2d 1035 (N.D. Ill. 2008).

26. VKI violated 15 U.S.C. §1692e(11). *Ramirez v. Apex Fin. Mgt., LLC*, 567 F. Supp. 2d 1035 (N.D. Ill. 2008).

## COUNT II
## FDCPA § 1692e VIOLATIONS

27. Plaintiff incorporates paragraphs 1-17 above.

28. 15 U.S.C § 1692e, in pertinent part, provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    * * *

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    * * *

    (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .

29. VKI's conduct violated 15 U.S.C §§ 1692e, e(10) and e(14).

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against VKI for:

    (1)    Statutory damages under the FDCPA;

    (2)    Attorney's fees, litigation expenses and costs of suit; and

    (3)    Such other relief as the Court deems proper.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
WARNER LAW FIRM, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)
cwarner@warnerlawllc.com

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner            cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)